UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-80784-Cannon/McCabe

MANUEL MENA,

    Plaintiff,

v.

FRANKLIN JOHNSTON
MANAGEMENT & DEVELOPMENT,
LLC d/b/a THE FRANKLIN JOHNSTON
GROUP,

    Defendant.
_____/

## REPORT & RECOMMENDATION

THIS CAUSE comes before the Court on Defendant's Motion to Dismiss Plaintiff's Amended Complaint, which was referred to the undersigned by United States District Judge Aileen M. Cannon. (DE 10, DE 15). For the reasons set forth below, the undersigned **RECOMMENDS** that the motion be **GRANTED IN PART** and **DENIED IN PART**.

### I.    BACKGROUND

This is a disability discrimination case. The Court accepts the following facts as true, taken from Plaintiff's Amended Complaint. (DE 8). In or around December 2022, Defendant hired Plaintiff to work as a maintenance technician at an apartment complex. (DE 8 ¶ 13). On or about December 29, 2023, Plaintiff fractured his vertebrae while attempting to change the tire on a work-related golf cart. (DE 8 ¶¶ 14, 18, 37). Plaintiff promptly notified Defendant of his injury. (DE 8 ¶ 37).

On or about January 1, 2024, Plaintiff sought medical attention due to increasing pain from the injury. Plaintiff's doctor initially recommended two months of medical leave. (DE 8 ¶ 26). However, to minimize the amount of work Plaintiff would miss, Plaintiff and his doctor agreed that he should take one week off, followed by a request for light duty, restricting Plaintiff's

ability to push, pull, and lift. (DE 8 ¶¶ 27-28, 47). In accordance with his doctor's recommendation, Plaintiff submitted medical documentation to Defendant, requesting (1) a one-week medical leave of absence, and (2) light-duty restriction following the leave of absence. (DE 8 ¶¶ 28, 47). The Amended Complaint does not specify the temporal duration of the light-duty restriction.

Plaintiff thereafter took his one week of medical leave and returned to work on or about January 8, 2024. (DE 8 ¶ 30). Instead of light-duty work, Defendant intentionally assigned Plaintiff to physically demanding tasks, setting him up to fail. (DE 8 ¶¶ 31-32, 48-49, 51-52). Prior to Plaintiff's injury, Defendant had allowed Plaintiff's son to assist with some of the more physically demanding tasks. (DE 8 ¶ 33). After Plaintiff returned from medical leave, Defendant no longer allowed Plaintiff's son to assist him. (DE 8 ¶¶ 34, 50). Defendant also gave Plaintiff "unrealistic and unattainable deadlines to complete his work." (DE 8 ¶ 53).

On or about January 8, 2024, Defendant issued a "verbal counseling" to Plaintiff regarding his work performance. (DE 8 ¶ 51). Defendant issued another verbal counseling on or about January 22, 2024. (DE 8 ¶ 54). Thereafter, on or about February 6, 2024—thirty-nine days after Plaintiff's injury—Defendant terminated Plaintiff's employment. (DE 8 ¶¶ 23, 55).

Based on these allegations, Plaintiff brings the following claims:

| Count | Claim |
|---|---|
| 1 | Unlawful Discharge Based on Disability in Violation of the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. § 12101 *et seq.* |
| 2 | Failure to Accommodate in Violation of the ADA |
| 3 | Retaliation in Violation of the ADA |

| 4 | Unlawful Discharge Based on Disability in Violation of the Florida Civil Rights Act of 1992, as amended ("FCRA"), Fla. Stat. § 760.01 *et seq.* |
| 5 | Failure to Accommodate in Violation of the FCRA |
| 6 | Retaliation in Violation of the FCRA |
| 7 | Retaliation in Violation of the Florida Workers' Compensation Law ("FWCL"), Fla. Stat. § 440.205 |
| 8 | Interference with Protected Leave in Violation of the Family and Medical Leave Act of 1993 ("FMLA"), as amended, 29 U.S.C. § 2601 *et seq*. |

(DE 8).

## II.   LEGAL STANDARD

By way of this Motion, Defendant seeks dismissal of all eight counts pursuant to Fed. R. Civ. P. 12(b)(6). In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Court must accept a plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Although Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," a mere "formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Instead, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## III. DISCUSSION

Defendant moves to dismiss all counts of the Amended Complaint. The Court will address the counts in logical order.

### A. Counts 1 & 4 – Disability Discrimination

Counts 1 and 4 allege that Defendant terminated Plaintiff's employment based on his disability in violation of the ADA and FCRA. (DE 8 ¶¶ 61-66, 79-84). To state a claim for disability discrimination under the ADA/FCRA, a plaintiff must allege facts that show (1) he was disabled, (2) he was a qualified individual, and (3) the defendant discriminated against him based on his disability. *See Lewis v. City of Union City, Ga.*, 934 F.3d 1169, 1179 (11th Cir. 2019) (analyzing the prima facie elements of a disability discrimination claim in the summary judgment context); *see also Holly v. Clairson Indus., L.L.C.*, 492 F.3d 1247, 1255 (11th Cir. 2007) (noting that courts evaluate FCRA claims under the same framework as ADA claims).

The Court finds that the Amended Complaint fails to allege sufficient facts to satisfy element (2), namely, that Plaintiff was a "qualified individual" within the meaning of the ADA/FCRA. The ADA defines a "qualified individual" as "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). The ADA regulations define "essential functions" as "the fundamental job duties of the employment position." 29 C.F.R. § 1630.2(n)(1) (2018). Whether a plaintiff can perform the essential functions of a position with or without reasonable accommodation requires a "fact-intensive inquiry." *Hardin v. Oakley Transp., Inc.*, No. 8:21-cv-2980, 2025 WL 948313, at *7 (M.D. Fla. Mar. 28, 2025) (cleaned up).

Here, the Amended Complaint alleges multiple times that Plaintiff was a "qualified individual" who could perform the "essential functions" of his position with or without "reasonable accommodation" following his injury. (DE 8 ¶¶ 16, 20). The Court need not, and

4

does not, accept these legal conclusions as true for purposes of a motion to dismiss. *See Iqbal*, 556 U.S. at 678. Instead, the Court must look to the facts alleged, not the legal conclusions alleged.

Turning to the facts alleged here, the Amended Complaint reveals almost nothing about the essential functions of Plaintiff's job, apart from its title, i.e., "maintenance technician." (DE 8 ¶ 13). Without a further factual description of the job duties of a maintenance technician, the Court cannot determine whether Plaintiff states a plausible claim for relief as a "qualified individual." Put differently, the Court cannot determine whether Plaintiff's injury impacted his ability to perform the essential functions of a maintenance technician with or without the light-duty accommodation that he requested. The current allegations leave the Court in a vacuum on that issue. As such, Counts 1 and 4 should be dismissed.

The Court has also considered, but finds unpersuasive, Defendant's argument that Counts 1 and 4 should be dismissed due to Plaintiff's failure to allege facts that show the existence of similarly situated "comparators" of the type often required to make out a prima facie case of discrimination under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) and its progeny. (DE 10 at 4, 6). The Court finds this argument unpersuasive because the Eleventh Circuit has repeatedly emphasized that "it is error for a district court to apply the *McDonnell Douglas* standard at the motion to dismiss stage." *Hernandez v. CareerSource Palm Beach Cnty., Inc.*, No. 23-12285, 2025 WL 1541367, at *4 (11th Cir. May 30, 2025). More to the point, a district court cannot dismiss an employment discrimination complaint merely because the complaint lacks allegations concerning similarly situated "comparators." *Id.* To do so would invite reversal.

### B. Counts 2 & 5 – Failure to Accommodate

Counts 2 and 5 allege that Defendant discriminated against Plaintiff by failing to provide a reasonable accommodation for his disability, namely, the light-duty restriction that he requested.

5

(DE 8 ¶¶ 67-71, 85-89).  To state a claim for failure to accommodate under the ADA/FCRA, a plaintiff must allege facts that show (1) he was disabled, (2) he was a qualified individual, and (3) the defendant discriminated against him by failing to provide a reasonable accommodation. *See Russell v. City of Tampa*, 652 F. App'x 765, 767 (11th Cir. 2016) (analyzing the prima facie elements of a failure-to-accommodate claim in the summary judgment context).  As stated, the ADA defines a "qualified individual" as "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires."  42 U.S.C. § 12111(8).  The Eleventh Circuit defines a "reasonable" accommodation as one that enables the employee to perform the essential functions of his or her job.  *LaChance v. Duffy's Draft House, Inc.*, 146 F.3d 832, 835 (11th Cir. 1998).  However, an employer need not provide a requested accommodation if it imposes an "undue hardship" on the employer.  *Id.*; *see also* 42 U.S.C. § 12112(b)(5)(A).

Applying these standards, the Court finds that Counts 2 and 5 should be dismissed.  By definition, a failure-to-accommodate claim requires a factual comparison between a plaintiff's job duties, on the one hand, and the requested accommodation, on the other hand.  In this case, the Court cannot assess the plausibility of Plaintiff's claims because, as discussed above, the Amended Complaint reveals almost nothing about Plaintiff's job duties as a maintenance technician.  Without such allegations, the Court cannot make a rational comparison between the essential functions of Plaintiff's job and the light-duty accommodation that he requested.  The Court cannot determine whether Plaintiff plausibly meets the definition of a "qualified individual" or whether he requested a "reasonable" accommodation.  In short, Plaintiff must add more meat to the bone to survive dismissal.  As such, Counts 2 and 5 should be dismissed.

### C.     Counts 3 & 6 – Retaliatory Discharge

Counts 3 and 6 allege that Defendant terminated Plaintiff in retaliation for ADA/FCRA "protected activity," specifically, his request for reasonable accommodation. (DE 8 ¶¶ 72-78, 90-96). To state a claim for retaliation under the ADA/FCRA, a plaintiff must allege facts that show (1) he engaged in a protected activity, (2) he suffered an adverse employment action, and (3) the protected activity was causally connected to the adverse employment action. *See Branscomb v. Sec'y of Navy*, 461 F. App'x 901, 905 (11th Cir. 2012) (analyzing the prima facie elements of a retaliation claim in the summary judgment context); *see also Ramos v. Univ. of Miami*, No. 21-cv-22151, 2021 WL 4949160, at *6 (S.D. Fla. Oct. 25, 2021) (noting that FCRA and ADA retaliation claims should be analyzed under the same framework).

The Court has reviewed the allegations of Counts 3 and 6 and finds them sufficient to survive dismissal. The Court has considered, but finds unpersuasive, Defendant's argument that the Amended Complaint fails to allege facts that show element (3), namely, a causal connection. (DE 10 at 7). In the Court's view, the Amended Complaint contains sufficient factual matter, accepted as true, to state a plausible causal connection between the protected activity and the adverse employment action. In particular, Plaintiff alleges facts that show a close temporal proximity between his protected activity and Defendant's decision to terminate him. Plaintiff requested a light-duty restriction shortly after visiting his doctor on or about December 29, 2023. (DE 8 ¶ 28). Defendant terminated Plaintiff's employment on or about February 6, 2024– approximately thirty-nine days later. (DE 8 ¶ 23). The Court finds these allegations sufficient to state a plausible causal connection. *See Brungart v. BellSouth Telecommunications, Inc.*, 231 F.3d 791, 799 (11th Cir. 2000) (noting that close temporal proximity between protected activity and adverse action may constitute circumstantial evidence of causation). As such, the motion should be denied as to Counts 3 and 6.

7

### D. Count 7 – FWCL Retaliation

Count 7 alleges a claim for workers' compensation retaliation under Fla. Stat. § 440.205, which provides as follows:

> 440.205   Coercion of employees
>
> No employer shall discharge, threaten to discharge, intimidate, or coerce any employee by reason of such employee's valid claim for compensation or attempting to claim compensation under the Workers' Compensation Law.

To state a claim under this statute, a plaintiff must allege facts that show (1) he engaged in protected activity by applying for or attempting to apply for workers' compensation benefits, (2) he suffered an adverse employment decision, and (3) a causal connection exists between the protected activity and the adverse employment decision. *See McGuire v. United Parcel Serv., Inc.,* 763 F. App'x 890, 897 (11th Cir. 2019) (analyzing the prima facie elements of a retaliation claim in the summary judgment context).

The Court has reviewed the allegations of Count 7 and finds them sufficient to survive dismissal. The Court has considered, but finds unpersuasive, Defendant's argument that the Court should dismiss Count 7 because the Amended Complaint fails to allege sufficient facts to show element (3), i.e. a causal connection. (DE 10 at 7). Specifically, Defendant argues that the Amended Complaint fails to allege the dates that Plaintiff applied for or received workers' compensation benefits. Without showing the dates, Defendant argues, Plaintiff cannot demonstrate that Defendant had actual knowledge of his protected activity, a necessary component of causation. (DE 10 at 7).

The Court finds this argument unpersuasive because the presiding District Judge in this case rejected a similar argument in *Lugones v. Ranger Constr. Indus., Inc.*, No. 23-81174, 2024 WL 3841154, at *4 (S.D. Fla. Aug. 16, 2024). In that case, the District Judge rejected a Magistrate Judge's recommendation to dismiss a workers' compensation retaliation claim based on the

8

plaintiff's failure to allege, among other things, the date that he filed for workers' compensation benefits or otherwise put the defendant on notice of his claim. *Id.* The District Judge rejected the recommendation, reasoning as follows:

> An employee can establish a claim for discriminatory retaliation, engaging in statutorily protected activity, without filing a formal workers' compensation claim before the termination of employment if the employee took "steps to begin the process of seeking benefits under the statute, such as notifying the employer about the injury and discussing treatment with the employer."

*Id.* (citations omitted).

In this case, the Amended Complaint makes allegations substantially similar to those in *Lugones*. In particular, Plaintiff alleges that he notified Defendant about his injury and provided medical documentation to Defendant. (DE 8 ¶¶ 28, 37). The Court finds these allegations sufficient to show that Plaintiff "took steps to begin the process of seeking benefits under the statute" within the meaning of *Lugones*. For this same reason, the Court likewise finds that Plaintiff plausibly alleged that Defendant had actual notice of his protected activity. As such, the motion should be denied as to Count 7.

### E.   Count 8 – FMLA Interference

Count 8 alleges that Defendant interfered with Plaintiff's right to receive FMLA-protected leave. (DE 8 ¶¶ 59-60, 103, 106). The FMLA entitles eligible employees to take up to twelve workweeks of leave during any twelve-month period because of a "serious health condition" that makes the employee unable to perform the functions of the position. 29 U.S.C. § 2612(a)(1)(D). A serious health condition means an illness, injury, impairment, or physical or mental condition that involves (a) inpatient care in a hospital, hospice, or residential medical care facility, or (b) continuing treatment by a health care provider. 29 U.S.C. § 2611(11)(A)-(B).

The FMLA prohibits employers from interfering with, restraining, or denying "the exercise of or the attempt to exercise" any rights guaranteed under the statute. 29 U.S.C. §

9

2615(a)(1). To state a claim for FMLA interference, a plaintiff must allege facts that show (1) he was entitled to a benefit under the FMLA, and (2) the employer denied the benefit. *Strickland v. Water Works & Sewer Bd.*, 239 F.3d 1199, 1206–07 (11th Cir. 2001). A plaintiff must also allege facts that show he or she gave the employer "appropriate notice" of the need for FMLA leave. *See Hurley v. Kent of Naples, Inc.*, 746 F.3d 1161, 1167 (11th Cir. 2014) (finding that employee must show "appropriate notice to assert a valid interference … claim").

Defendant urges the Court to dismiss Count 8 because the Amended Complaint fails to allege sufficient facts to show appropriate notice. (DE 10 at 7). In particular, Defendant points out that the Amended Complaint fails to allege that Plaintiff ever requested medical leave beyond the one week that Defendant agreed to give him. (DE 8 ¶¶ 28, 30). As set forth below, the Court agrees Count 8 should be dismissed on this basis.

An employee's notice of need for FMLA leave must satisfy two criteria—timing and content. *White v. Beltram Edge Tool Supply*, 789 F.2d 1188 (11th Cir. 2015). As to timing, the regulations promulgated under the FMLA require an employee to provide thirty days' notice of a need for FMLA leave when such need is "foreseeable." 29 C.F.R. § 825.302(a). If the need for leave is not foreseeable, the employee must provide notice "as soon as practicable." *Id.*

As to content, the employee need not expressly assert his or her rights under the FMLA or even "mention the FMLA" in order to provide appropriate notice. 29 C.F.R. § 825.301(b). Instead, the employee "must explain the reasons for the needed leave so as to allow the employer to determine whether the leave qualifies under the [FMLA]." 29 C.F.R. § 825.301(b). As the Eleventh Circuit has explained, the notice must "adequately convey to the employer sufficient information to put the employer on notice, either at the time of the request or before, that [the employee's] absence was potentially FMLA-qualifying." *Cruz v. Publix Super Mkts., Inc.*, 428 F.3d 1379, 1384 (11th Cir. 2005); *see also Gay v. Gilman Paper Co.*, 125 F.3d 1432, 1435 (11th

Cir. 1997) (noting that "the critical question is whether the information imparted to the employer is sufficient to reasonably apprise it of the employee's request to take time off for a serious health condition.") (cleaned up).

Applying these standards here, the Court finds that the Amended Complaint fails to allege facts to show appropriate notice. As Defendant points out, the Amended Complaint fails to allege that Defendant ever requested more than one week of medical leave. Instead, it alleges as follows:

> Plaintiff then provided Defendant with medical documentation, stating that Plaintiff is to take a brief, one-week medical leave of absence, followed by light duty restrictions regarding pushing, pulling, and lifting—making Defendant well aware of Plaintiff's disability and his request for reasonable accommodations (protected activity).

(DE 8 ¶ 28). This allegation, if true, would not put Defendant on notice of a need for medical leave beyond one week. To the contrary, the medical documentation that Plaintiff provided stated that Plaintiff merely needed a light-duty restriction following his one week of leave. According to the Amended Complaint, Defendant provided the one-week medical leave that Plaintiff requested. (DE 8 ¶ 30).

Given that Plaintiff never notified Defendant of a need for FMLA leave beyond one week, he cannot state a plausible claim for FMLA interference. *See Lee v. U.S. Steel Corp.*, 450 F. App'x 834, 837 (11th Cir. 2012) (affirming summary judgment on FMLA interference claim where the employee "never applied for FMLA leave or gave his employer sufficient notice that his absence was due to a potentially FMLA-qualifying reason."); *Lowery v. Strength*, 356 F. App'x 332, 334 (11th Cir. 2009) (affirming summary judgment on FMLA interference claim where "the evidence shows that [employee] never applied for FMLA leave."). As such, Count 8 should be dismissed.[1]

---

[1] The Court has also considered whether the Amended Complaint attempts to allege that Defendant violated the FMLA by failing to provide Plaintiff with a notice of his FMLA rights. *See Ramji v. Hosp. Housekeeping Sys.,* LLC, 992 F.3d 1233, 1243 (11th Cir. 2021) (noting that

11

## IV.     RECOMMENDATION & NOTICE OF RIGHT TO OBJECT

For the reasons stated above, the undersigned respectfully **RECOMMENDS** that the motion (DE 10) be **GRANTED IN PART** and **DENIED IN PART** as follows:

1. The motion should be **DENIED** as to Counts 3, 6, and 7 of the Amended Complaint.

2. The motion should be **GRANTED** as to Counts 1, 2, 4, 5, and 8 of the Amended Complaint, and these counts should be **DISMISSED WITHOUT PREJUDICE**.

3. Plaintiff should be afforded one final opportunity to submit a Second Amended Complaint to cure pleading deficiencies on whatever timeline the District Judge deems appropriate.

4. The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge Aileen M. Cannon. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. See 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.

5. Pending the District Judge's resolution of this Report and Recommendation, Plaintiff may only file a Second Amended Complaint in full compliance with Fed. R. Civ. P. 15.

---

an employer "must also provide notice to the employee of her eligibility for and rights under the FMLA within a certain timeframe" and that "[f]ailure to follow the notice requirements ... may constitute an interference with … the exercise of an employee's FMLA rights"). In the Court's view, the Amended Complaint does not articulate this theory of liability.

6.  **IF A PARTY DOES NOT INTEND TO OBJECT TO THIS REPORT AND RECOMMENDATION, THE PARTY SHALL FILE A NOTICE TO THAT EFFECT WITHIN FIVE (5) DAYS.**

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 6th day of November 2025.

RYON M. MCCABE
U.S. MAGISTRATE JUDGE